1
2
3
4
5
6
7
8           IN THE UNITED STATES DISTRICT COURT
9          FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11   UNITED STATES OF AMERICA,              Case No.: 1:10-cv-00787 AWI JLT

12          Plaintiff,                      FINDINGS AND RECOMMENDATIONS
                                            RECOMMENDING THE GRANTING OF
13      v.                                  PLAINTIFF'S EX PARTE MOTION FOR
                                            DEFAULT JUDGMENT
14   APPROXIMATELY $10,923.00 IN
     U.S. CURRENCY,                         (Doc. 25)
15
            Defendant.
16   _____/

17          This matter is before the Court on Plaintiff United States of America's ("the Government's") ex

18   parte motion for default judgment, wherein the Government requests the Court (1) enter default

19   judgment against the interests of Jose Luis Palominos, Laura Chavez-Mendoza, and Sonia Mendoza in

20   approximately $10,923.00 in United States currency ("the defendant currency") and (2) enter final

21   judgment of forfeiture vesting in the Government all right, title and interest in the defendant currency.

22   The Court has reviewed the submitted papers, along with the record, and has determined that this matter

23   is suitable for decision without oral argument pursuant to Local Rule 230(h).  For the reasons set forth

24   below, the undersigned recommends that the Government's ex parte motion for default judgment be

25   **GRANTED**.

26   I.     **FACTUAL BACKGROUND**

27          On November 21, 2009, a Drug Enforcement Administration agent, the United States Marshals,

28   and officers of the Stockton Police Department established surveillance of, and observed, vehicles

                                                1

1   associated with Jose Luis Palominos at 2148 Northridge Drive, Modesto, California. (Compl., Doc. 1,

2   at ¶ 6.) At the time, Palominos was a federal fugitive from a 2006 Grand Jury indictment in the Western

3   District of Washington for violations of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (conspiracy to

4   distribute methamphetamine) and violations of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 841(b)(1)(B)

5   (distribution of methamphetamine). (Id. at ¶ 5.)

6        At about 4:30 p.m., Palominos and a female, later identified as Laura Chavez-Mendoza, were

7   observed entering the Northridge Drive residence. (Compl. at ¶ 7.) The officers approached the front

8   door to make contact with the individuals. (Id.) However, as Laura Chavez-Mendoza opened the front

9   door, Palominos attempted to escape out the back door. (Id.) Palominos was subsequently captured and

10  arrested in the backyard of the residence. (Id.)

11       The officers obtained written consent to search from Laura Chavez-Mendoza. (Compl. at ¶ 8.)

12  During the search, the officers found, (1) eight kilo-sized wrappers and packaging material; (2) a digital

13  scale; (3) a cell phone; (4) a Washington State ID in the name of Alejandro Saavedra Mora which

14  displayed Palominos' photograph; and (5) several billing statements. (Id.) In addition, after a certified

15  narcotic canine drew alerted on a night stand next to the bed in the master bedroom, the officers

16  discovered $10,000 in United States currency on the bedroom floor and $923 in United States currency

17  in the pocket of a pair of men's pants. (Id. at ¶ 9.)

18  **II.   PROCEDURAL BACKGROUND**

19       On May 4, 2010, the Government filed its complaint for forfeiture in rem, alleging therein that

20  the defendant currency was subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6). (Doc. 1.) On May

21  6, 2010, the Clerk of the Court issued a Warrant for Arrest of Articles In Rem for the defendant currency.

22  (Doc. 6.) The same day, the Government served Jose Luis Palominos, Laura Chavez-Mendoza, and

23  Sonia Mendoza with copies of the verified complaint, application order for publication, order regarding

24  the Clerk of Court's issuance of warrant for arrest, warrant for arrest, order setting mandatory scheduling

25  conference, notice of availability of a magistrate judge and voluntary dispute resolution, and notice of

26  forfeiture action by first class and certified mail. (Doc. 16, Rodriguez Decl. at ¶ 5; Doc. 21, Rodriguez

27  Decl. at ¶ 5.) This Court also authorized publication of the forfeiture action via the internet forfeiture

28  website (www.forfeiture.gov) for thirty consecutive days. (Doc. 4.)

2

1    On May 18, 2010, Jose Luis Palominos was personally served with notice of this action by the

2    U.S. Marshals Service.  (Doc. 10.)  Personal service was also attempted by the U.S. Marshals Service

3    on Laura Chavez-Mendoza and Sonia Mendoza on May 11, 2010 and May 13, 2010.  (Docs. 11 & 12.)

4    Service was eventually executed as to these individuals on May 19, 2010 by leaving notice of the

5    forfeiture action at the last known addresses for Laura Chavez-Mendoza and Sonia Mendoza.  (Id.)  To

6    date, no claim or answer has been filed on behalf of Jose Luis Palominos, Laura Chavez-Mendoza, or

7    Sonia Mendoza.

8    On August 24, 2010, the Government moved for default judgment against Laura Chavez-

9    Mendoza and Sonia Mendoza.  (Doc. 16.)  The Government also moved for default judgment against

10   Jose Luis Palominos on September 23, 2010.  (Doc. 21.)  Entry of default was subsequently entered as

11   to Laura Chavez-Mendoza and Sonia Mendoza on August 30, 2010, (Docs. 17 & 18,) and entered as to

12   Jose Luis Palominos on September 24, 2010.  (Doc. 22.)  On November 5, 2010, the Government filed

13   the pending motion for default judgment.  (Doc. 25.)

14   **III.    LEGAL STANDARD**

15   A court has discretion to enter default judgment against a party after the clerk has entered the

16   party's default.  Fed. R. Civ. P. 55; see Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir. 1980).  In

17   exercising this discretion, a court may consider the following factors: (1) the possibility of prejudice to

18   the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the

19   sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6)

20   whether the default was due to excusable neglect; and (7) the strong policy of the Federal Rules of Civil

21   Procedure favoring decisions on the merits.  Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

22   In the context of an in rem forfeiture action, a court should also pay particular attention to the procedural

23   requirements set forth by the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. § 983,

24   the Supplemental Rules for Certain Admiralty and Maritime Claims ("Supplemental Rules"), and the

25   court's Local Rules for Admiralty and In Rem Actions.  See United States v. $191,910.00, 16 F.3d 1051,

26   1069 (9th Cir. 1994) (explaining that because civil forfeiture is a "harsh and oppressive procedure which

27   is not favored by the courts," the government carries the burden of demonstrating its strict adherence to

28   procedural rules).

IV.     **ANALYSIS**

  A.     **Procedural Requirements**

    1.  Sufficiency of the Complaint

    Under the Supplemental Rules, the Government must file a verified complaint that states the grounds for jurisdiction and venue, that describes the property being forfeited, that identifies the statute under which the forfeiture action is brought, and that includes sufficient factual detail to support a reasonable belief that the Government will be able to meet its burden of proof at trial.  Suppl. R. G(2)(a)(f).  In this regard, the Government need not show a relationship between the proceeds of a drug crime and a specific drug transaction; circumstantial evidence may support the forfeiture of the proceeds of a drug crime.  See United States v. $30,670.00, 403 F.3d 448, 467-70 (7th Cir. 2005) (concluding that the totality of the circumstances demonstrated that an airline passenger's cash hoard was connected to drug trafficking and subject to forfeiture); United States v. $242,484.00, 389 F.3d 1149, 1160 (11th Cir. 2004) (applying totality of the circumstances to determine that cash carried by airline passenger was the proceeds of, or traceable to, an illegal drug transaction).

    The Government satisfies these requirements in this case.  On May 4, 2010, the Government filed a verified complaint, asserting therein the proper grounds for subject matter jurisdiction and venue. (Doc. 1 at 1.)  The verified complaint goes on to allege sufficiently detailed facts that, under the totality of the circumstances, support a reasonable belief that the Government will be able to meet its burden of proof of trial.  Specifically, the verified complaint alleges that Jose Luis Palominos was being observed by officers as a federal fugitive from a 2006 grand jury indictment involving methamphetamine charges; the officers arrested Jose Luis Palominos despite his attempt to escape; the officers obtained written consent to search from Laura Chavez-Mendoza; and upon executing the search, the officers discovered the defendant currency, along with other materials relating to illegal drug activity.  (Id. at 2-3.)  Finally, the verified complaint concludes that the Government proceeds pursuant to 21 U.S.C. § 881(a)(6) against the defendant currency as "money or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical, all proceeds traceable to such an exchange and/or was used or intended to be used to facilitate one or more violations of 21 U.S.C. §§ 841, *et seq*."  (Id. at 3.)

2.  <u>Notice by Publication</u>

The Supplemental Rules require the Government to publish notice of the forfeiture action in a newspaper of general circulation in the district.  Suppl. R. C(4); <u>United States v. Real Property</u>, 135 F. 3d 1312, 1315 (9th Cir. 1998).  In lieu of newspaper publication, the Government may post notice on an official government forfeiture site for at least 30 consecutive days.  Suppl. R. G(4).  The Local Rules for Admiralty and In Rem Actions also provide that the Court shall designate by order the appropriate vehicle for publication.  Local Rules A-530 & 83-171.  On May 6, 2010, the Court authorized publication of the forfeiture action via the internet forfeiture site www.forfeiture.gov for at least thirty consecutive days.  (Doc. 4.)  On June 8, 2010, the Government filed a Declaration of Publication wherein Tammy Teglia declares that the Notice of Civil Forfeiture was posted on www.forfeiture.gov for thirty consecutive days beginning May 8, 2010.  (Doc. 13.)  Accordingly, the Government satisfies the notice by publication requirement.

3.  <u>Personal Notice</u>

When the Government knows the identity of the property owner, the Due Process Clause of the Fifth Amendment requires "the Government to make a great effort to give him notice than otherwise would be mandated by publication."  <u>Real Property</u>, 135 F.3d at 1315.  In such cases, the Government must attempt to provide actual notice by means reasonably calculated under all circumstances to apprise the owner of the pendency of the forfeiture action.  <u>Dusenbery v. United States</u>, 534 U.S. 161, 168 (2002).  "Reasonable notice, however, requires only that the [G]overnment attempt to provide actual notice; it does not require that the [G]overnment demonstrate that it was successful in providing actual notice."  <u>Mesa Valderrama v. United States</u>, 417 F.3d 1189, 1197 (11th Cir. 2005).

The Supplemental Rules mirror this requirement, providing for notice to be sent by means reasonably calculated to reach the potential claimant.  Suppl. R. G(4)(b).  In addition, the Local Rules for Admiralty and In Rem Actions require that a party seeking default judgment in an action in rem demonstrate to the Court's satisfaction that due notice of the arrest of the property has been given both by publication and by personal service on the person who had custody of the property before its possession by a law enforcement agency or officer.  Local Rule A-540.  Notice must also be provided by personal service or certified mail, return receipt requested, on every other person who has appeared

1  in the action and is known to have an interest in the property, provided that failure to give actual notice

2  to such other person may be excused upon a satisfactory showing of diligent efforts to provide notice

3  without success.  Local Rule A-540(a).

4      Here, the Government attempted to serve Jose Luis Palominos, Laura Chavez-Mendoza, and

5  Sonia Mendoza with notice of the forfeiture action by first class and certified mail on May 6, 2010.

6  (Doc. 16, Rodriguez Decl. at ¶ 5; Doc. 21, Rodriguez Decl. at ¶ 5.)  When the certified mailing to all

7  individuals were subsequently returned to the United States Attorney's Office as "Unclaimed," the

8  Government attempted personal service on the individuals.  (Doc. 16, Rodriguez Decl. at ¶¶ 6-7; Doc.

9  21, Rodriguez Decl. at ¶¶ 6-7.)  The U.S. Marshals Service executed personal service on Jose Luis

10  Palominos on May 18, 2010 and attempted personal service on Laura Chavez-Mendoza and Sonia

11  Mendoza on May 11, 2010 and May 13, 2010.  (Docs. 10-12.)  On May 19, 2010, the U.S. Marshals

12  Service left notice of the forfeiture action at the last known addresses for Laura Chavez-Mendoza and

13  Sonia Mendoza.  (Docs. 11 & 12.)  Based on this information, it appears that the Government has

14  diligently attempted to provide notice by means reasonably calculated to reach claimants.  Accordingly,

15  the Government satisfies the personal notice requirement.

16          4.  Time to File Claim or Answer

17      The Supplemental Rules require any person who asserts an interest in or right against the

18  defendant currency to file a claim with the Court within 35 days after service of the Government's

19  complaint or 30 days after the final publication of notice.  Suppl. R. G(4)(b) & (5).  Failure to comply

20  with the procedural requirements for opposing the forfeiture precludes a person from establishing

21  standing as a party to the forfeiture action.  Real Property, 135 F.3d at 1317.  In this case, the Clerk of

22  the Court properly entered defaults against Jose Luis Palominos, Laura Chavez-Mendoza, and Sonia

23  Mendoza for failing to timely respond to the Government's claims.  (Docs. 17, 18 & 22.)

24          5.  Default Judgment

25      The Supplemental Rules do not set forth a procedure to seek default judgment in rem.  However,

26  to the extent that they are consistent with the Supplement Rules, the Federal Rules of Civil Procedure

27  apply.  Accordingly, a court may grant default judgment after the Clerk of the Court has entered a party's

28  default.  Fed. R. Civ. P. 55.  In this case, and as mentioned above, the Government properly obtained

default entries against the interests of Jose Luis Palominos, Laura Chavez-Mendoza, and Sonia Mendoza. (Docs. 17, 18 & 22.) The Government is therefore entitled to default judgment against the interests of these individuals and a final forfeiture judgment to vest in the Government all right, title and interest in the defendant currency.

### B.   Discretionary Factors

The discretionary factors set forth by the Ninth Circuit in Eitel also favor the granting of the Government's ex parte motion for default judgment. First, the Government would be prejudiced by the denial of its motion because the Government would otherwise have to expend additional time and effort litigating an action in which no claimants have appeared. Second, the Government's claims appear to have merit. Third, as discussed above, the Government has adhered to the procedural requirements of a forfeiture action, including the filing of a sufficient complaint. Fourth, the sum of money in dispute here is not substantial enough to warrant the denial of the Government's motion. Fifth, there are no genuine disputes as to any material fact. Sixth, it does not appear that there is any risk of mistake or excusable neglect on the part of any party. And seventh, although it is always preferable to decide a case on its merits, such is not practicable in this case where no claimant has appeared to oppose the Government's claims.

## V.   CONCLUSION

Accordingly, for the reasons set forth above, it is HEREBY RECOMMENDED that:

1. The District Court grant Plaintiff United States of America default judgment against the interests of Jose Luis Palominos, Laura Chavez-Mendoza, and Sonia Mendoza;

2. The Clerk of the Court enter final forfeiture to vest in Plaintiff United States of America all right, title and interest in the defendant currency; and

3. The District Court order Plaintiff United States of America, within ten (10) days of service of any order adopting these findings and recommendations, to submit a proposed default and final forfeiture judgment consistent with the findings and recommendations and the order adopting them.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of

Practice for the United States District Court, Eastern District of California.  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."   The district judge will review these findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(c).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:   **December 14, 2010**                                            **/s/ Jennifer L. Thurston**
                                                                            UNITED STATES MAGISTRATE JUDGE

8